In re Van Damme, Armin Dirk Van Damme appearing pro se, Kelly Dove appearing for Appalese. All right, good morning. Mr. Van Damme, would you like to reserve any time for rebuttal? Yes, I would like to reserve about four minutes if I could. All right, and you'll have to keep track of the clock yourself, but I'll try to remind you. Please go ahead. Thank you, Your Honor. May I please the court? My name is Armin Dirk Van Damme. English is my third language, and I appear as pro se. When I get stressed, I refer to my old language, German, so bear with me. This is a long extended case since 2004. And Mr. Van Damme, I'm sorry to interrupt you, but I just wanted to mention just up front that you do have two appeals here, but we're giving you 15 minutes to cover both of them. So I just wanted to make sure you were aware of that. Sorry for interrupting you. Please go ahead. Thank you so much. Because Article C standing is jurisdictional and may be raised at any stage, appellants, myself, respectfully request that the panel require counsel to identify and produce evidence of the real party in interest, specifically proof that US Bank N.A. and now known to be held by Tiffany and Bosco and is required under UCC 3-301. This appeal is about standing and jurisdiction and candor to the court. The declaration from Nicole Lane and ECF 25 submitted by Kelly Dove prove that Tiffany and Bosco, not US Bank and not Wells Fargo, has held the original promissory note and collateral loan file since 2019 until current. Tiffany and Bosco never appeared in this case, and Tiffany and Bosco is currently not represented by Kelly Dove. There's no proof that Tiffany and Bosco gave agency to US Bank or to Wells Fargo to enforce the note or the deed of interest. There's no assignment from Tiffany and Bosco to US Bank. There's no valid assignment from Bank of America to US Bank. Under UCC Section 3-301 and in the reveal, the enforcing party must be the person entitled to enforce the note and must prove real authority from the holder. Under Edelstein, Nevada law requires reunification of the note and deed before foreclosure. This never happened in this case. Now, an important issue that I'm going to raise is the trustee substitution of NDSC claims to be assigned by US Bank is a conflict created by Kelly Dove herself. In this case, before this panel, case number NV22-1175, Kelly Dove claimed through Snell and Wilmer before this court that NDSC was assigned and TD Service Company was removed on December 3, 2004. This was to validate the 2007 and 2008 defaults and received an order from Judge Snell to buy US Bank to the case on December 3, 2004. Now, this created a big conflict because now before this panel, Kelly Dove claims the removal occurred on November 19, 2013. This happened because in the previous case that I mentioned before this court, Kelly Dove did not file in their proof of claim the November 19, 2013 assignment to NDSC. Why did she not submit that? Because NDSC was assigned by Bank of America, which was a conflict with her assignment of US Bank in 2010. Three years later, they omitted that evidence in the proof of claim in my 2019 bankruptcy case. Now, she is claiming that the removal occurred on November 19, 2013. Now, this creates a big conflict because if NDSC was assigned in 2013, it could never foreclose in 2007 and 2008. And the TD Service Company is removed in 2013, only TD Service could have filed a notice of default in 2007 and 2008. So, this is fraud upon the court because Kelly Dove right now claims a different assignment. And that is- Mr. Van Dam, let me apologize for interrupting you. But the issues in this case or these two cases are whether the bankruptcy court abused its discretion in dismissing the case and whether or not they abused its discretion in denying an extension to the automatic stay, right? Those are the issues. Please address those issues. I will address those issues. Your Honor, my case was dismissed on March 13, 2025. The automatic stay was still in place until March 13. Right after the trustee cell, and then I go to the heart of the issue, I filed a motion to vacate on February 24, 25 at 9.14 a.m. I drove after that. It was the day of the trustee cell. I drove after that. I drove to the trustee cell place in which the trustee cell was scooted up from 10 o'clock to 10.30. Then the 10.30 came along and the trustee cell still did not occur. So, it was moved up to 11 o'clock. On 11 o'clock, the trustee cell was held. Looking at the docket later, Judge Spraker issued an order at 9.44, 60 minutes before the trustee cell was held. So, there's ex parte communication between Snell and Wilmer and Judge Spraker, which is a conflict of interest. Furthermore, I filed my case on January 21, 2025. On January 22, 2025, U.S. Bank filed a motion to dismiss. Now, U.S. Bank is not the trustee and not the beneficiary because Kelly Dove declared that Tiffany and Bosco, through a declaration from Nicole Lane, which is the assistant of Kevin Soderstrom, who is an attorney for Tiffany and Bosco, and represents U.S. Bank. So, why would the assistant of Kevin Soderstrom file a declaration? But she declares that Tiffany and Bosco holds the deed in the note. So, they have no authority to file a motion to dismiss the second day. Now, after the trustee cell, the day after the trustee cell, I was claimed to be a non-party. Well, under Sturgill, you cannot file an order or file claims against a non-party. I filed the bankruptcy claim because I am the only one that holds the obligation under my name. It was my assumption that I'm a full 100% responsible for that loan. Kelly Dove declares that I am a non-party in two cases. Case number A-24-909044. I'm declared a non-party. I cannot litigate in this case. I have no rights. I cannot use my due process. In my federal case, I'm also declared a non-party. Now, if I'm a non-party, I cannot be held liable for a loan that was agreed upon in 2008. And then furthermore, my ex-wife, Geraldine Van Damme, was included in the bankruptcy estate who didn't file bankruptcy. We filed a divorce on August 5, 2022, during my bankruptcy case from 2019. Kelly Dove didn't object to my divorce. U.S. Bank didn't object to my divorce. And the loan was separated. She was never liable under the loan modification. Now, this liability lacks standing for U.S. Bank and Wells Fargo to foreclose. Because what Wells Fargo did, signed a loan modification with me as sole borrower and Wells Fargo Bank as lender. Now, I submitted ample evidence that on August 15, 2008, Aurora Loans filed for bankruptcy under Lehman. U.S. Bank never held the loan. U.S. Bank is never assigned. Jeff Straker dismissed my case without a hearing. He scheduled my hearings for April 1, 2025. He dismissed, in this case, he dismissed all my cases on February 24, the day of the trustee sale, 60 minutes before the trustee sale. And then declaring me after the trustee sale a non-party. It violates my due process. And U.S. Bank, by the declaration, and Kelly Dove herself, in a related case. Mr. Van Dam, I just wanted to let you know that you're approaching only three minutes left. I will give you more time. I will give you more time. Thank you. All right. Ms. Dove. Thank you, your honors. Kelly Dove for Appalese. As your honors recognize, the issues that we're here about today are whether Judge Straker abused his discretion in declining to extend the automatic stay and in dismissing Mr. Van Dam's bankruptcy while also imposing a two-year bar. Appreciating that Mr. Van Dam is pro se, it is still the case that Mr. Van Dam has at no point in any of the briefing or argument actually addressed those issues or below. And I would note that Judge Straker, I think, handled this case masterfully and gave Mr. Van Dam every opportunity to make his record and address the salient points. In particular, while Mr. Van Dam did not appear at the February 18th hearing on the stay extension, he did appear at a March 4th hearing that was extensive and in which Judge Straker at numerous times tried to redirect Mr. Van Dam to address the issues that were relevant to his decisions. Namely, whether Mr. Van Dam could satisfy his burden to show that this bankruptcy was not filed in bad faith. Given Mr. Van Dam's extensive history of bankruptcy filings, no demonstrated ability to reorganize, no demonstrated ability to address this debt, no demonstration that this bankruptcy was filed for any purpose other than avoiding the foreclosure sale. And at each turn, Mr. Van Dam turned back to the same arguments you've been hearing today about assignments that happened many years ago, loan modification from almost 20 years ago. And notably, all of those issues have been adjudicated in many cases, including in the bankruptcy before Judge Nakagawa, which was affirmed before the BAP several years ago and then in turn affirmed at the Ninth Circuit, during which Mr. Van Dam raised the same arguments he's raising today about myself, about the beneficiary, about the servicer. So there has been no identification of error by Judge Straker. Notably, this is an abuse of discretion standard where Judge Braker's findings, which I think have been careful and thorough, and I think the record demonstrates have given Mr. Van Dam every opportunity to make his record and every opportunity to raise these salient points. We've seen no hint of an abuse of discretion in Judge Braker's rulings. And so I'd be happy to entertain questions from the panel, but otherwise we'll give back my time. All right. Thank you. Judge Niemann, Judge Corbett, any questions? No. Thank you. Thank you. All right. Mr. Van Dam, you've got about three minutes left. Yes. I'd like the panel to maybe inform me on who Kelly Duff is representing today. No. You're here to make argument. So that's what we're doing today. We're not answering questions. You're making argument. Okay. So my argument here is that the U.S. Bank is not assigned by Tiffany and Bosco. Tiffany and Bosco is the only company that can litigate this case. Now, I think there's a great deal of fraud in this case, because every single document that has been submitted assignments, assignment is submitted by BNC, so-called, in 2008 to LaSalle Bank. This is impossible because Bank of America purchased LaSalle Bank in 2007, October 1st, 2007. LaSalle Bank then assigned Bank of America in 2009, which is impossible because Bank of America purchased LaSalle Bank on October 1st, 2007. Aurora Loan received all BNC mortgages. I submitted ample evidence, and now I want this panel to take judicial notice. Kelly Duff cannot litigate a claim that she has no authority to litigate. She has no standing. She has no jurisdiction, and this court has no subject matter jurisdiction to hear the case, because Tiffany and Bosco is declared by Nicole Lane to hold the deed in note. Now, this was at the 11th hour, because Kelly Duff submitted a motion, an opposition in a related case, where she admits that Geraldine Fandan has no obligation under the loan. She did not collect or even try to collect against Geraldine Fandan. Now, if she is claiming that the deed is still in place and that Geraldine is still obligated under the deed, where is the agreement? Now, if the deed is still operative, then the deed and her obligation is extinguished by the operation of law, and that is under NRS 106-240, and it extinguished on January 10, 2018, as NDSC filed a notice of default on January 10, 2008. That notice of default was never rescinded, so that default is still in effect, and she's not obligated under the loan modification, so it automatically extinguished on January 10, 2018. Geraldine has no obligation. Now, Judge Spraker... Mr. Van Dam, your time is up. If you want to make one last statement to just conclude your argument, you can, but your time is up. Judge Spraker presided over this case perfectly, like Kelly Duff says, but Judge Spraker included Geraldine's estate. By claiming I was not a non-party, he included a non-debtor's estate, which is prohibited. All right. Thank you. Thank you very much. All right. This matter is submitted, and we will issue a decision promptly. Thank you both very much. Thank you. Madam Clerk, would you like to call the last case?
judges: Brand, Corbit, and Niemann